# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation; *(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; Additional Parties Attachment form is attached. **YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly situated | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* ELECTRONICALLY FILED BY Superior Court of California, County of Monterey On 11/14/2019 12:00 PM By: Jacqueline Gilbert, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Monterey 1200 Aguajito Rd. Monterey, California 93940 | **CASE NUMBER:** *(Número del Caso):* 19CV004600 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:  Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                                (310) 531-1900

| DATE: *(Fecha)* 11/14/2019 | Clerk, by *(Secretario)* /s/ Jacqueline Gilbert | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WestRock MWV, LLC., a limited liability company

under: ☐ CCP 416.10 (corporation)                 ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☒ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF MONTEREY

ALICIA REYNA, individually, and on behalf of others similarly situated

Plaintiff,

vs.

WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Defendants

CASE NO.: 19CV004600

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.     PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.     PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

## **DEFENDANTS**

6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

practices or policies in, the County of Monterey, State of California.

9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

10.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

11.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

12.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

13.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and

2    that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were

3    proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the

4    court to amend this Complaint to allege their true names and capacities of such DOE Defendants

5    when ascertained.

6          14.   At all relevant times herein, DEFENDANTS were the joint employers of

7    PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege,

8    that at all times material to this complaint DEFENDANTS were the alter egos, divisions,

9    affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities,

10   co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or

11   ostensible, of each other. Each Defendant was completely dominated by his, her or its co-

12   Defendant, and each was the alter ego of the other.

13         15.   At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed

14   by DEFENDANTS under employment agreements that were partly written, partly oral, and partly

15   implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them,

16   acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF

17   and CLASS MEMBERS all wages earned and due, through methods and schemes which include,

18   but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods;

19   failing to properly maintain records; failing to provide accurate itemized statements for each pay

20   period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary

21   expenditures; and requiring, permitting or suffering the employees to work off the clock, in

22   violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

23         16.   PLAINTIFF is informed and believes, and thereon allege, that each and every one

24   of the acts and omissions alleged herein were performed by, and/or attributable to, all

25   DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

26   of, each of the other DEFENDANTS, and that said acts and failures to act were within the course

27   and scope of said agency, employment and/or direction and control.

28   ///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

18.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

### (Against all DEFENDANTS)

15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.     DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

20.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   provided.

2       23.   As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3   MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4   earned and due, interest, penalties, expenses, and costs of suit.

5   **THIRD CAUSE OF ACTION**

6   **Failure to Pay Overtime Wages**

7   **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8   **(Against all DEFENDANTS)**

9       24.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10   allegations in the foregoing paragraphs.

11       25.   Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12   2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13   all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14   hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15   first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16   excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17   on the seventh consecutive day of work in any workweek.

18       26.   PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19   employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20   Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate

21   PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22   foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23   failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24   California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25   or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26   suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27   and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28   properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  compensation to the employee at the same rate for up to 30 workdays.

2      37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3  wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4  California Labor Code §§ 201 and 202.

5      38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6  statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7  together with interest thereon, as well as other available remedies.

8      39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12  to California Labor Code §§ 1194 and 2699.

13                          **SIXTH CAUSE OF ACTION**

14                         **Failure to Maintain Required Records**

15              **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16                           **(Against all DEFENDANTS)**

17      40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18  allegations in the foregoing paragraphs.

19      41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21  DEFENDANTS knowingly and intentionally failed to maintain records as required under

22  California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23  limited to the following records: total daily hours worked by each employee; applicable rates of

24  pay; all deductions; meal periods; time records showing when each employee begins and ends

25  each work period; and accurate itemized statements.

26      42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28  trial, and are entitled to all wages earned and due, plus interest thereon.    Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]

### (Against all DEFENDANTS)

43.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

45.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.


DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: November 14, 2019                    Respectfully submitted,

                                            **MATERN LAW GROUP, PC**

                            By:

                                            _____
                                            Matthew J. Matern
                                            Tagore O. Subramaniam
                                            Julia Z. Wells
                                            Attorneys for Plaintiff
                                            ALICIA REYNA, individually, and on
                                            behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN:  159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.:(310) 531-1900      FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name):*Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CV004600 |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ]punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
_____(TYPE OR PRINT NAME)_____                    ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| **SUPERIOR COURT OF MONTEREY COUNTY**<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| Alicia Reyna<br>**vs.**<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* <u>www.montereycourt.ca.gov</u> . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 17, 2020</u>   Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300. **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.***

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a Delaware corporation; WESTROCK SHARED SERVICES, LLC, a limited liability company; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK CONVERTING, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK HOLDINGS, INC., a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.: 19CV004600<br><br>[Assigned for all purposes to the Hon. Lydia M. Villarreal]<br><br>**CLASS ACTION:**<br><br>**AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER [C.C.P. § 170.6]**<br><br>Complaint filed:      November 14, 2019 |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

1   TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED

2   COURT:

3   Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which

4   has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be

5   reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or

6   assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against

7   the plaintiff, her attorney and plaintiff's interests, in this action.

8

9   AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL

10   OFFICER

11

12   I, Tagore Subramaniam, declare as follows:

13   1.      That I am an attorney for plaintiff Alicia Reyna in the within action.

14   2.      That the Honorable Lydia M. Villarreal, the judicial officer before whom the

15   aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff,

16   and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot

17   have a fair and impartial trial or hearing before the judicial officer.

18   I declare under penalty of perjury according to the laws of the State of California that the

19   foregoing is true and correct, and that this declaration was executed on November 27, 2019 at

20   Manhattan Beach, California.

21

22

23                                 Tagore O. Subramaniam
                                   Attorneys for Plaintiff ALICIA REYNA
24                                 individually, and on behalf of others
                                   similarly situated
25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266                              -2-        AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | |
|---|---|
| Alicia Reyna,<br><br>        Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC; WestRock Consumer Packaging Group, LLC; WestRock MWV, LLC; WestRock California LLC; WestRock California, Inc.; WestRock CP, LLC; WestRock Packaging Systems, LLC,**<br><br>        Defendant | Clerk:    Elise Mouisset<br><br>Date:    12/17/2019 |
|  | **Case No.**   **19CV004600** |
| **Out of Court Entries by Clerk** | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation; *(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; Additional Parties Attachment form is attached. **YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly situated | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* <br><br> ELECTRONICALLY FILED BY Superior Court of California, County of Monterey On 11/14/2019 12:00 PM By: Jacqueline Gilbert, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Monterey 1200 Aguajito Rd. Monterey, California 93940 | **CASE NUMBER:** *(Número del Caso):* **19CV004600** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                (310) 531-1900

| DATE: *(Fecha)* **11/14/2019** | Clerk, by *(Secretario)* **/s/ Jacqueline Gilbert** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* **WestRock Services, LLC., a limited liability company**

  under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
  ☒☒ other *(specify):* **limited liability company**
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov Westlaw Doc & Form Builder |
|---|---|---|

[SEAL] SUPERIOR COURT OF CALIFORNIA EUREKA COUNTY OF MONTEREY

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [X] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

ALICIA REYNA, individually, and on behalf
of others similarly situated

Plaintiff,

vs.

WESTROCK COMPANY, a corporation;
WESTROCK SERVICES, LLC, a limited
liability company; WESTROCK CONSUMER
PACKAGING GROUP, LLC, a limited liability
company; WESTROCK MWV, LLC, a limited
liability company; WESTROCK CALIFORNIA
LLC, a limited liability company, formerly
known as WESTROCK CALIFORNIA, INC.;
WESTROCK CP, LLC, a limited liability
company; WESTROCK PACKAGING
SYSTEMS, LLC, a limited liability company;
and DOES 1 through 100, inclusive,

Defendants

CASE NO.:  19CV004600

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.    Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.    PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.    PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.    PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

**DEFENDANTS**

6.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

7.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

8.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   practices or policies in, the County of Monterey, State of California.

2       9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
3   WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business
4   in the State of California, and does conduct business in the State of California. Specifically,
5   DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business
6   in, and engages in illegal payroll practices or policies in, the County of Monterey, State of
7   California.

8       10.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
9   WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct
10  business in the State of California, and does conduct business in the State of California.
11  Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities
12  and conducts business in, and engages in illegal payroll practices or policies in, the County of
13  Monterey, State of California.

14      11.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
15  WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in
16  the State of California, and does conduct business in the State of California. Specifically,
17  DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in,
18  and engages in illegal payroll practices or policies in, the County of Monterey, State of
19  California.

20      12.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
21  WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized
22  to conduct business in the State of California, and does conduct business in the State of
23  California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains
24  offices and facilities and conducts business in, and engages in illegal payroll practices or policies
25  in, the County of Monterey, State of California.

26      13.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to
27  PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious
28  names.   PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16. PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

18. This action is appropriately suited for a Class Action because:

a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

b. This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c. The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d. PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

### (Against all DEFENDANTS)

15. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit. ·

**SECOND CAUSE OF ACTION**

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]**

**(Against all DEFENDANTS)**

20.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

provided.

23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]

### (Against all DEFENDANTS)

24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.     DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]

### (Against all DEFENDANTS)

29.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

33.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    compensation to the employee at the same rate for up to 30 workdays.

2        37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3    wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4    California Labor Code §§ 201 and 202.

5        38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6    statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7    together with interest thereon, as well as other available remedies.

8        39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9    PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10   according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11   entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12   to California Labor Code §§ 1194 and 2699.

13                              **SIXTH CAUSE OF ACTION**

14                          **Failure to Maintain Required Records**

15                **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16                            **(Against all DEFENDANTS)**

17       40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18   allegations in the foregoing paragraphs.

19       41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20   and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21   DEFENDANTS knowingly and intentionally failed to maintain records as required under

22   California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23   limited to the following records: total daily hours worked by each employee; applicable rates of

24   pay; all deductions; meal periods; time records showing when each employee begins and ends

25   each work period; and accurate itemized statements.

26       42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27   PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28   trial, and are entitled to all wages earned and due, plus interest thereon.    Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

### SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

43.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

45.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.   Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61. Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.      For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.      For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.     For declaratory relief;

11.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.     For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.     For such further relief that the Court may deem just and proper.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    DATED: November 14, 2019          Respectfully submitted,

5                                      **MATERN LAW GROUP, PC**

6    By:

7

8                                      Matthew J. Matern
                                       Tagore O. Subramaniam
9                                      Julia Z. Wells
                                       Attorneys for Plaintiff
10                                     ALICIA REYNA, individually, and on
                                       behalf of other persons similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN:  159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.:(310) 531-1900          FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name)*:Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 19CV004600<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna**<br>**vs.**<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* must be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

**Date: March 17, 2020        Time:9:00 AM**

**Location: 1200 Aguajito Road, Monterey, CA 93940**

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300. **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.***

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

1  **MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
2  Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
3  Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
4  Email: jwells@maternlawgroup.com
5  1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
6  Telephone: (310) 531-1900
Facsimile: (310) 531-1901
7
8  Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
9  similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

10  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

11  ### FOR THE COUNTY OF MONTEREY

12

13  ALICIA REYNA, individually, and on behalf
of others similarly situated
14
Plaintiff,
15
vs.
16
WESTROCK COMPANY, a Delaware
17  corporation; WESTROCK SHARED
SERVICES, LLC, a limited liability company;
18  WESTROCK SERVICES, LLC, a limited
liability company; WESTROCK CONSUMER
19  PACKAGING GROUP, LLC, a limited liability
company; WESTROCK CONVERTING, LLC,
20  a limited liability company; WESTROCK
MWV, LLC, a limited liability company;
21  WESTROCK HOLDINGS, INC., a limited
liability company; WESTROCK CALIFORNIA
22  LLC, a limited liability company; WESTROCK
CP, LLC, a limited liability company;
23  WESTROCK PACKAGING SYSTEMS, LLC,
a limited liability company; and DOES 1
24  through 100, inclusive,
25  Defendants.

CASE NO.: 19CV004600

[Assigned for all purposes to the Hon. Lydia
M. Villarreal]

**CLASS ACTION:**

**AFFIDAVIT OF PREJUDICE -
PEREMPTORY CHALLENGE TO
JUDICIAL OFFICER
[C.C.P. § 170.6]**

Complaint filed:      November 14, 2019

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

1   TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED

2   COURT:

3   Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which

4   has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be

5   reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or

6   assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against

7   the plaintiff, her attorney and plaintiff's interests, in this action.

8

9   AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL

10  OFFICER

11

12  I, Tagore Subramaniam, declare as follows:

13  1.      That I am an attorney for plaintiff Alicia Reyna in the within action.

14  2.      That the Honorable Lydia M. Villarreal, the judicial officer before whom the

15  aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff,

16  and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot

17  have a fair and impartial trial or hearing before the judicial officer.

18  I declare under penalty of perjury according to the laws of the State of California that the

19  foregoing is true and correct, and that this declaration was executed on November 27, 2019 at

20  Manhattan Beach, California.

21

22  _____

23  Tagore O. Subramaniam
    Attorneys for Plaintiff ALICIA REYNA

24  individually, and on behalf of others
    similarly situated

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | | |
|---|---|---|
| **Alicia Reyna,**<br><br>              Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC; WestRock Consumer Packaging Group, LLC; WestRock MWV, LLC; WestRock California LLC; WestRock California, Inc.; WestRock CP, LLC; WestRock Packaging Systems, LLC,**<br><br>              Defendant | Clerk:       Elise Moulsset<br><br>Date:        12/17/2019 | |
| | **Case No.    19CV004600** | |
| **Out of Court Entries by Clerk** | | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600

# EXHIBIT 3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

**NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation;
*(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability
company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited
liability company; WESTROCK MWV, LLC, a limited liability company;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Monterey<br>1200 Aguajito Rd.<br>Monterey, California 93940 | CASE NUMBER:<br>*(Número del Caso):* 19CV004600 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                    (310) 531-1900

| DATE:<br>*(Fecha)* 11/14/2019 | Clerk, by /s/ Jacqueline Gilbert | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* WestRock Consumer Packaging Group, LLC, a limited liability company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder⁻

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.: 19CV004600<br><br>**COMPLAINT**<br><br>**CLASS ACTION:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Wage Statements<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION:**<br><br>10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.     PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

-2-

compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.      PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

## DEFENDANTS

6.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

7.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    practices or policies in, the County of Monterey, State of California.

2       9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

3    WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business

4    in the State of California, and does conduct business in the State of California. Specifically,

5    DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business

6    in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

7    California.

8       10.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

9    WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct

10   business in the State of California, and does conduct business in the State of California.

11   Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities

12   and conducts business in, and engages in illegal payroll practices or policies in, the County of

13   Monterey, State of California.

14      11.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

15   WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in

16   the State of California, and does conduct business in the State of California. Specifically,

17   DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in,

18   and engages in illegal payroll practices or policies in, the County of Monterey, State of

19   California.

20      12.   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

21   WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized

22   to conduct business in the State of California, and does conduct business in the State of

23   California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains

24   offices and facilities and conducts business in, and engages in illegal payroll practices or policies

25   in, the County of Monterey, State of California.

26      13.   The true names and capacities of DOES 1 through 50, inclusive, are unknown to

27   PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious

28   names.    PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16.     PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

18.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

### (Against all DEFENDANTS)

15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.     DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**SECOND CAUSE OF ACTION**

**Failure to Provide Required Rest Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]**

**(Against all DEFENDANTS)**

20.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  provided.

2      23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4  earned and due, interest, penalties, expenses, and costs of suit.

5                          **THIRD CAUSE OF ACTION**

6                          **Failure to Pay Overtime Wages**

7          **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8                          **(Against all DEFENDANTS)**

9      24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10 allegations in the foregoing paragraphs.

11     25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12 2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13 all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14 hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15 first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16 excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17 on the seventh consecutive day of work in any workweek.

18     26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19 employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20 Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate

21 PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22 foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23 failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24 California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25 or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26 suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27 and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28 properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.   In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.   DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.   Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.   During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  compensation to the employee at the same rate for up to 30 workdays.

2  37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3  wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4  California Labor Code §§ 201 and 202.

5  38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6  statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7  together with interest thereon, as well as other available remedies.

8  39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12  to California Labor Code §§ 1194 and 2699.

### SIXTH CAUSE OF ACTION

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

17  40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18  allegations in the foregoing paragraphs.

19  41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21  DEFENDANTS knowingly and intentionally failed to maintain records as required under

22  California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23  limited to the following records: total daily hours worked by each employee; applicable rates of

24  pay; all deductions; meal periods; time records showing when each employee begins and ends

25  each work period; and accurate itemized statements.

26  42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28  trial, and are entitled to all wages earned and due, plus interest thereon.    Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]

### (Against all DEFENDANTS)

43.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

45.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Against all DEFENDANTS)

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.   Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.      For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.      For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.     For declaratory relief;

11.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.     For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.     For such further relief that the Court may deem just and proper.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:   _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

DATED: November 14, 2019                    Respectfully submitted,

5

**MATERN LAW GROUP, PC**

6

By:

7

8

Matthew J. Matern

Tagore O. Subramaniam

9

Julia Z. Wells

Attorneys for Plaintiff

10

ALICIA REYNA, individually, and on

behalf of other persons similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN: 159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.:(310) 531-1900   FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name):* Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY Superior Court of California, County of Monterey On 11/14/2019 12:00 PM By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 19CV004600 |
|---|---|---|
| [X] **Unlimited** [ ] **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                  **CIVIL CASE COVER SHEET**                  Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| **SUPERIOR COURT OF MONTEREY COUNTY**<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna**<br>**vs.**<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* <u>www.montereycourt.ca.gov</u> . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 17, 2020</u>      Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300. **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.***

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a Delaware corporation; WESTROCK SHARED SERVICES, LLC, a limited liability company; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK CONVERTING, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK HOLDINGS, INC., a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.: 19CV004600<br><br>[Assigned for all purposes to the Hon. Lydia M. Villarreal]<br><br>**CLASS ACTION:**<br><br>**AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER [C.C.P. § 170.6]**<br><br>Complaint filed:      November 14, 2019 |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

1  TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED

2  COURT:

3  Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which

4  has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be

5  reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or

6  assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against

7  the plaintiff, her attorney and plaintiff's interests, in this action.

8

9  AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL

10  OFFICER

11

12  I, Tagore Subramaniam, declare as follows:

13  1.  That I am an attorney for plaintiff Alicia Reyna in the within action.

14  2.  That the Honorable Lydia M. Villarreal, the judicial officer before whom the

15  aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff,

16  and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot

17  have a fair and impartial trial or hearing before the judicial officer.

18  I declare under penalty of perjury according to the laws of the State of California that the

19  foregoing is true and correct, and that this declaration was executed on November 27, 2019 at

20  Manhattan Beach, California.

21

22

23  _____
    Tagore O. Subramaniam
24  Attorneys for Plaintiff ALICIA REYNA
    individually, and on behalf of others
25  similarly situated

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | | |
|---|---|---|
| **Alicia Reyna,**<br><br>                         Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC; WestRock Consumer Packaging Group, LLC; WestRock MWV, LLC; WestRock California LLC; WestRock California, Inc.; WestRock CP, LLC; WestRock Packaging Systems, LLC,**<br><br>                         Defendant | Clerk:      Elise Mouisset<br><br>Date:       12/17/2019 | |
| | **Case No.    19CV004600** | |
| **Out of Court Entries by Clerk** | | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600

# EXHIBIT 4

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation;
*(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability
company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited
liability company; WESTROCK MWV, LLC, a limited liability company;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly
situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Monterey<br>1200 Aguajito Rd.<br>Monterey, California 93940 | **CASE NUMBER:**<br>*(Número del Caso):*  **19CV004600** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:  Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                                            (310) 531-1900

| DATE:<br>*(Fecha)*  **11/14/2019** | Clerk, by<br>*(Secretario)*  **/s/ Jacqueline Gilbert** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WestRock MWV, LLC., a limited liability company

under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complianant   ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

1

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)

2
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)

3
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)

4
Email: jwells@maternlawgroup.com

5
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266

6
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

7

8
Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others

9
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

10
## SUPERIOR COURT OF THE STATE OF CALIFORNIA

11
### FOR THE COUNTY OF MONTEREY

12
ALICIA REYNA, individually, and on behalf
of others similarly situated

13

14
Plaintiff,

15
vs.

16
WESTROCK COMPANY, a corporation;
WESTROCK SERVICES, LLC, a limited

17
liability company; WESTROCK CONSUMER
PACKAGING GROUP, LLC, a limited liability

18
company; WESTROCK MWV, LLC, a limited
liability company; WESTROCK CALIFORNIA

19
LLC, a limited liability company, formerly
known as WESTROCK CALIFORNIA, INC.;

20
WESTROCK CP, LLC, a limited liability
company; WESTROCK PACKAGING

21
SYSTEMS, LLC, a limited liability company;
and DOES 1 through 100, inclusive,

22
Defendants

23

24

25

26

27

28

CASE NO.:  19CV004600

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal
   Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to
   Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized
   Wage Statements
8. Failure to Indemnify Employees for
   Necessary Expenditures Incurred in
   Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private
    Attorneys General Act, as
    Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.     PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

2  quitting employees, failure to indemnify employees for necessary expenditures and/or losses

3  incurred in discharging their duties, failure to provide accurate itemized wage statements, failure

4  to maintain required records, and interest, attorneys' fees, costs, and expenses.

5     5.     PLAINTIFF brings this action on behalf of herself and the following similarly

6  situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

7  employees of DEFENDANTS in the State of California at any time within the period

8  beginning four (4) years prior to the filing of this action and ending at the time this action

9  settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right

10  to name additional class representatives.

**DEFENDANTS**

12     6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

13  WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business

14  in the State of California, and does conduct business in the State of California. Specifically,

15  DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business

16  in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

17  California.

18     7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

19  WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct

20  business in the State of California, and does conduct business in the State of California.

21  Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains

22  offices and facilities and conducts business in, and engages in illegal payroll practices or policies

23  in, the County of Monterey, State of California.

24     8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

25  WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was,

26  authorized to conduct business in the State of California, and does conduct business in the State

27  of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP,

28  LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

practices or policies in, the County of Monterey, State of California.

9.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

13.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.   PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16.    PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

18.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.   Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

### (Against all DEFENDANTS)

15.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

20.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   provided.

2      23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3   MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4   earned and due, interest, penalties, expenses, and costs of suit.

5                        **THIRD CAUSE OF ACTION**

6                      **Failure to Pay Overtime Wages**

7          **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8                        **(Against all DEFENDANTS)**

9      24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10  allegations in the foregoing paragraphs.

11     25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12  2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13  all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15  first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16  excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17  on the seventh consecutive day of work in any workweek.

18     26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19  employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20  Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate

21  PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22  foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23  failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24  California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25  or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26  suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27  and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28  properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

33.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  compensation to the employee at the same rate for up to 30 workdays.

2      37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3  wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4  California Labor Code §§ 201 and 202.

5      38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6  statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7  together with interest thereon, as well as other available remedies.

8      39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12  to California Labor Code §§ 1194 and 2699.

13  <u>**SIXTH CAUSE OF ACTION**</u>

14  **Failure to Maintain Required Records**

15  **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16  **(Against all DEFENDANTS)**

17      40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18  allegations in the foregoing paragraphs.

19      41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21  DEFENDANTS knowingly and intentionally failed to maintain records as required under

22  California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23  limited to the following records: total daily hours worked by each employee; applicable rates of

24  pay; all deductions; meal periods; time records showing when each employee begins and ends

25  each work period; and accurate itemized statements.

26      42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28  trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

2    but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

3    and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

4    provided in California Labor Code § 226(e), as well as other available remedies.

### SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.  PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.      For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.      For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.     For declaratory relief;

11.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.     For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.     For such further relief that the Court may deem just and proper.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

2

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

DATED: November 14, 2019                     Respectfully submitted,

5

**MATERN LAW GROUP, PC**

6

By:

7

8

Matthew J. Matern
Tagore O. Subramaniam

9

Julia Z. Wells
Attorneys for Plaintiff

10

ALICIA REYNA, individually, and on
behalf of other persons similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN:  159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.:(310) 531-1900      FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name):*Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CV004600 |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
_____
(TYPE OR PRINT NAME)                                                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna**<br>**vs.**<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* <u>www.montereycourt.ca.gov</u> . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

<table>
<tr><td align="center">

**Date: <u>March 17, 2020</u>      Time:<u>9:00 AM</u>**

**Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>**

</td></tr>
</table>

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

ALICIA REYNA, individually, and on behalf of others similarly situated

Plaintiff,

vs.

WESTROCK COMPANY, a Delaware corporation; WESTROCK SHARED SERVICES, LLC, a limited liability company; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK CONVERTING, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK HOLDINGS, INC., a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Defendants

CASE NO.: 19CV004600

[Assigned for all purposes to the Hon. Lydia M. Villarreal]

**CLASS ACTION:**

**AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER [C.C.P. § 170.6]**

Complaint filed:          November 14, 2019

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED COURT:

Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against the plaintiff, her attorney and plaintiff's interests, in this action.

AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER

I, Tagore Subramaniam, declare as follows:

1.    That I am an attorney for plaintiff Alicia Reyna in the within action.

2.    That the Honorable Lydia M. Villarreal, the judicial officer before whom the aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff, and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 27, 2019 at Manhattan Beach, California.

_____
Tagore O. Subramaniam
Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | |
|---|---|
| **Alicia Reyna,**<br><br>                    Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC;<br>WestRock Consumer Packaging Group, LLC;<br>WestRock MWV, LLC; WestRock California LLC;<br>WestRock California, Inc.; WestRock CP, LLC;<br>WestRock Packaging Systems, LLC,**<br><br>                    Defendant | Clerk:      Elise Mouisset<br><br>Date:       12/17/2019 |
| | **Case No.      19CV004600** |
| **Out of Court Entries by Clerk** | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

# EXHIBIT 5

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation;
*(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | **19CV004600** |

Superior Court of California, County of Monterey
1200 Aguajito Rd.
Monterey, California 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:  Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                                          (310) 531-1900

| DATE: *(Fecha)* | 11/14/2019 | Clerk, by *(Secretario)* | /s/ Jacqueline Gilbert | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Westrock California LLC, a limited liability company, formerly known as Westrock California, Inc.
   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☒ other *(specify):* CORPORATION CODE 17001 Limited liability company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder℠

Page 1 of 1

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

1

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)

2
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)

3
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)

4
Email: jwells@maternlawgroup.com

5
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266

6
Telephone: (310) 531-1900

7
Facsimile: (310) 531-1901

8
Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others

9
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

10
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11
**FOR THE COUNTY OF MONTEREY**

12
ALICIA REYNA, individually, and on behalf
of others similarly situated

13

14
Plaintiff,

15
vs.

16
WESTROCK COMPANY, a corporation;
WESTROCK SERVICES, LLC, a limited

17
liability company; WESTROCK CONSUMER
PACKAGING GROUP, LLC, a limited liability

18
company; WESTROCK MWV, LLC, a limited
liability company; WESTROCK CALIFORNIA

19
LLC, a limited liability company, formerly
known as WESTROCK CALIFORNIA, INC.;

20
WESTROCK CP, LLC, a limited liability
company; WESTROCK PACKAGING

21
SYSTEMS, LLC, a limited liability company;
and DOES 1 through 100, inclusive,

22
Defendants

23

24

25

26

27

28

CASE NO.: 19CV004600

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.      Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.      PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.      PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

5.    PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

## **DEFENDANTS**

6.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

7.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

8.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    practices or policies in, the County of Monterey, State of California.

2        9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

3    WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business

4    in the State of California, and does conduct business in the State of California. Specifically,

5    DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business

6    in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

7    California.

8        10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

9    WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct

10   business in the State of California, and does conduct business in the State of California.

11   Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities

12   and conducts business in, and engages in illegal payroll practices or policies in, the County of

13   Monterey, State of California.

14       11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

15   WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in

16   the State of California, and does conduct business in the State of California. Specifically,

17   DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in,

18   and engages in illegal payroll practices or policies in, the County of Monterey, State of

19   California.

20       12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

21   WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized

22   to conduct business in the State of California, and does conduct business in the State of

23   California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains

24   offices and facilities and conducts business in, and engages in illegal payroll practices or policies

25   in, the County of Monterey, State of California.

26       13.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to

27   PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious

28   names.    PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16.     PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

### CLASS ACTION DESIGNATION

18.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.   Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

### FIRST CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

**(Against all DEFENDANTS)**

15.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

20. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    provided.

2        23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3    MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4    earned and due, interest, penalties, expenses, and costs of suit.

5                                **THIRD CAUSE OF ACTION**

6                              **Failure to Pay Overtime Wages**

7            **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8                                **(Against all DEFENDANTS)**

9        24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10   allegations in the foregoing paragraphs.

11       25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12   2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13   all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14   hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15   first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16   excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17   on the seventh consecutive day of work in any workweek.

18       26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19   employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20   Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate

21   PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22   foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23   failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24   California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25   or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26   suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27   and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28   properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   itemized wage statements to PLAINTIFF for each pay period; and other methods to be

2   discovered.

3        27.   In violation of California law, DEFENDANTS have knowingly and willfully

4   refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all

5   wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS

6   have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such

7   wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel

8   DEFENDANTS to fully perform their obligations under state law, all to their respective damages

9   in amounts according to proof at time of trial, and within the jurisdiction of this Court.

10        28.   DEFENDANTS' conduct described herein violates California Labor Code §§ 510,

11   1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code

12   §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor

13   Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the

14   unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys'

15   fees, expenses, and costs of suit.

16                                   **FOURTH CAUSE OF ACTION**

17                                   **Failure to Pay Minimum Wages**

18          **[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

19                                 **(Against all DEFENDANTS)**

20        29.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

21   allegations in the foregoing paragraphs.

22        30.   Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-

23   2001, § 4, payment to an employee of less than the applicable minimum wage for all hours

24   worked in a payroll period is unlawful.

25        31.   During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

26   CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring,

27   permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring,

28   permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

compensation to the employee at the same rate for up to 30 workdays.

37.   During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

38.   As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

39.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]

### (Against all DEFENDANTS)

40.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

41.   During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

42.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

2   but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

3   and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

4   provided in California Labor Code § 226(e), as well as other available remedies.

5                            **SEVENTH CAUSE OF ACTION**

6                  **Failure to Furnish Accurate Itemized Wage Statements**

7              **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

8                            **(Against all DEFENDANTS)**

9       43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10  allegations in the foregoing paragraphs.

11      44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

12  PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

13  writing showing each employee's gross wages earned, total hours worked, all deductions made,

14  net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and

15  CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

16  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

17  § 226 and IWC Wage Order No. 1-2001, § 7.

18      45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

19  to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage

20  statements in accordance with California Labor Code § 226(a).

21      46.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

22  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

23  trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and

24  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

25  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

26  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

27  California Labor Code § 226(e), as well as other available remedies.

28  ///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

### NINTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be

2  made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS

3  MEMBERS.

4      56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and

5  CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not

6  limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and

7  CLASS MEMBERS the wages and other compensation unlawfully withheld from them.

8  PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged

9  from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the

10  jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

15      57.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

16  allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the

17  subparagraphs thereto.

18      58.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor

19  Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other

20  current and former employees of DEFENDANTS pursuant to the procedures specified in

21  California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed

22  by DEFENDANTS and the alleged violations of the California Labor Code were committed

23  against PLAINTIFF and CLASS MEMBERS.

24      59.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"),

25  Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil

26  penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,

27  226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a

28  representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.    Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.


DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**


By: _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Matthew Matern; Tagore Subramaniam; Julia Wells SBN: 159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.:(310) 531-1900          FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name)*:Plaintiff Alicia Reyna | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS:1200 Aguajito Rd.
MAILING ADDRESS:1200 Aguajito Rd.
CITY AND ZIP CODE:Monterey, 93940
BRANCH NAME:Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>19CV004600 |
|---|---|---|
| [X] **Unlimited**    [ ] **Limited**<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
    (TYPE OR PRINT NAME)           ▶     *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex.  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2.  If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna**<br>**vs.**<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## <u>NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE</u>

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 17, 2020</u>        Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300. **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.***

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial. **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.***

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a Delaware corporation; WESTROCK SHARED SERVICES, LLC, a limited liability company; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK CONVERTING, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK HOLDINGS, INC., a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 19CV004600<br><br>[Assigned for all purposes to the Hon. Lydia M. Villarreal]<br><br>**CLASS ACTION:**<br><br>**AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER [C.C.P. § 170.6]**<br><br>Complaint filed:      November 14, 2019 |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

1    TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED

2    COURT:

3    Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which

4    has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be

5    reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or

6    assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against

7    the plaintiff, her attorney and plaintiff's interests, in this action.

8

9    AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL

10   OFFICER

11

12   I, Tagore Subramaniam, declare as follows:

13   1.    That I am an attorney for plaintiff Alicia Reyna in the within action.

14   2.    That the Honorable Lydia M. Villarreal, the judicial officer before whom the

15   aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff,

16   and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot

17   have a fair and impartial trial or hearing before the judicial officer.

18   I declare under penalty of perjury according to the laws of the State of California that the

19   foregoing is true and correct, and that this declaration was executed on November 27, 2019 at

20   Manhattan Beach, California.

21

22

23   _____

      Tagore O. Subramaniam
      Attorneys for Plaintiff ALICIA REYNA
24    individually, and on behalf of others
      similarly situated

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | |
|---|---|
| **Alicia Reyna,**<br><br>Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC;<br>WestRock Consumer Packaging Group, LLC;<br>WestRock MWV, LLC; WestRock California LLC;<br>WestRock California, Inc.; WestRock CP, LLC;<br>WestRock Packaging Systems, LLC,**<br><br>Defendant | Clerk:   Elise Mouisset<br><br>Date:    12/17/2019 |
| | Case No.   **19CV004600** |
| **Out of Court Entries by Clerk** | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600

# EXHIBIT 6

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation;
*(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly situated

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> ELECTRONICALLY FILED BY
> Superior Court of California,
> County of Monterey
> On 11/14/2019 12:00 PM
> By: Jacqueline Gilbert, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Monterey<br>1200 Aguajito Rd.<br>Monterey, California 93940 | **CASE NUMBER:**<br>*(Número del Caso):*  19CV004600 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:  Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                (310) 531-1900

| DATE:<br>*(Fecha)*  11/14/2019 | Clerk, by  /s/ Jacqueline Gilbert | , Deputy<br>*(Secretario)*  *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WestRock CP, LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.;
WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company;
and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

ALICIA REYNA, individually, and on behalf of others similarly situated

Plaintiff,

vs.

WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Defendants

CASE NO.: 19CV004600

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.   Further, no federal question is at issue because the claims are based solely on California law.

2.      Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.      PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.      PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

2   quitting employees, failure to indemnify employees for necessary expenditures and/or losses

3   incurred in discharging their duties, failure to provide accurate itemized wage statements, failure

4   to maintain required records, and interest, attorneys' fees, costs, and expenses.

5        5.     PLAINTIFF brings this action on behalf of herself and the following similarly

6   situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

7   employees of DEFENDANTS in the State of California at any time within the period

8   beginning four (4) years prior to the filing of this action and ending at the time this action

9   settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right

10   to name additional class representatives.

11                           **DEFENDANTS**

12        6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

13   WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business

14   in the State of California, and does conduct business in the State of California. Specifically,

15   DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business

16   in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

17   California.

18        7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

19   WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct

20   business in the State of California, and does conduct business in the State of California.

21   Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains

22   offices and facilities and conducts business in, and engages in illegal payroll practices or policies

23   in, the County of Monterey, State of California.

24        8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

25   WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was,

26   authorized to conduct business in the State of California, and does conduct business in the State

27   of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP,

28   LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

practices or policies in, the County of Monterey, State of California.

9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

13.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.    PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14.   At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15.   At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16.   PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

### CLASS ACTION DESIGNATION

18.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

### FIRST CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

**(Against all DEFENDANTS)**

15.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.   DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.   DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.   As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

20.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.   At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.   DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

provided.

23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

**(Against all DEFENDANTS)**

24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001.    During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

33.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.     Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

compensation to the employee at the same rate for up to 30 workdays.

37.     During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

38.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

39.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]

### (Against all DEFENDANTS)

40.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

41.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

42.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.    Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

### SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

43.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

45.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## **EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.     For waiting time penalties pursuant to California Labor Code § 203;

7.     For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:   _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

2

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

DATED: November 14, 2019                    Respectfully submitted,

**MATERN LAW GROUP, PC**

5

6

By:

7

8

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN: 159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 531-1900   FAX NO.: (310) 531-1901<br>ATTORNEY FOR (Name): Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Rd.
MAILING ADDRESS: 1200 Aguajito Rd.
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>19CV004600 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 14, 2019

Matthew Matern
_____
(TYPE OR PRINT NAME)                    ► _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder®

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| **SUPERIOR COURT OF MONTEREY COUNTY**<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna**<br>vs.<br>**WestRock Company, et al.** | **CASE NUMBER**<br>**19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* must be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 17, 2020</u>      Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

1  **MATERN LAW GROUP, PC**
    Matthew J. Matern (SBN 159798)
2  Email: mmatern@maternlawgroup.com
    Tagore O. Subramaniam (SBN 280126)
3  Email: tagore@maternlawgroup.com
    Julia Z. Wells (SBN 314242)
4  Email: jwells@maternlawgroup.com
5  1230 Rosecrans Avenue, Suite 200
    Manhattan Beach, California 90266
6  Telephone: (310) 531-1900
7  Facsimile: (310) 531-1901

8  Attorneys for Plaintiff ALICIA REYNA
    individually, and on behalf of others
9  similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF MONTEREY**

12

13  ALICIA REYNA, individually, and on behalf
    of others similarly situated
14
                        Plaintiff,
15
                        vs.
16
    WESTROCK COMPANY, a Delaware
17  corporation; WESTROCK SHARED
    SERVICES, LLC, a limited liability company;
18  WESTROCK SERVICES, LLC, a limited
    liability company; WESTROCK CONSUMER
19  PACKAGING GROUP, LLC, a limited liability
    company; WESTROCK CONVERTING, LLC,
20  a limited liability company; WESTROCK
    MWV, LLC, a limited liability company;
21  WESTROCK HOLDINGS, INC., a limited
    liability company; WESTROCK CALIFORNIA
22  LLC, a limited liability company; WESTROCK
    CP, LLC, a limited liability company;
23  WESTROCK PACKAGING SYSTEMS, LLC,
    a limited liability company; and DOES 1
24  through 100, inclusive,

25                        Defendants

26

27

28

CASE NO.: 19CV004600

[Assigned for all purposes to the Hon. Lydia
M. Villarreal]

**CLASS ACTION:**

**AFFIDAVIT OF PREJUDICE -
PEREMPTORY CHALLENGE TO
JUDICIAL OFFICER
[C.C.P. § 170.6]**

Complaint filed:         November 14, 2019

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

1   TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED

2   COURT:

3        Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which

4   has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be

5   reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or

6   assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against

7   the plaintiff, her attorney and plaintiff's interests, in this action.

8

9        AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL

10  OFFICER

11

12       I, Tagore Subramaniam, declare as follows:

13       1.     That I am an attorney for plaintiff Alicia Reyna in the within action.

14       2.     That the Honorable Lydia M. Villarreal, the judicial officer before whom the

15  aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff,

16  and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot

17  have a fair and impartial trial or hearing before the judicial officer.

18       I declare under penalty of perjury according to the laws of the State of California that the

19  foregoing is true and correct, and that this declaration was executed on November 27, 2019 at

20  Manhattan Beach, California.

21

22  _____

23       Tagore O. Subramaniam
         Attorneys for Plaintiff ALICIA REYNA

24       individually, and on behalf of others
         similarly situated

25

26

27

28

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | | |
|---|---|---|
| **Alicia Reyna,**<br><br>　　　　　　　Plaintiff<br><br>vs.<br><br>**WestRock Company; WestRock Services, LLC; WestRock Consumer Packaging Group, LLC; WestRock MWV, LLC; WestRock California LLC; WestRock California, Inc.; WestRock CP, LLC; WestRock Packaging Systems, LLC,**<br><br>　　　　　　　Defendant | Clerk:<br><br>Date: | Elise Mouisset<br><br>12/17/2019 |
| | **Case No.** | **19CV004600** |
| **Out of Court Entries by Clerk** | | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600

# EXHIBIT 7

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** WESTROCK COMPANY, a corporation;
*(AVISO AL DEMANDADO):* WESTROCK SERVICES, LLC, a limited liability
company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited
liability company; WESTROCK MWV, LLC, a limited liability company;
Additional Parties Attachment form is attached.
**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA REYNA, individually, and on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of others similarly
situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Monterey<br>1200 Aguajito Rd.<br>Monterey, California 93940 | CASE NUMBER:<br>*(Número del Caso):*  19CV004600 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:  Matthew J. Matern
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                          (310) 531-1900

| DATE:<br>*(Fecha)*  11/14/2019 | Clerk, by  /s/ Jacqueline Gilbert | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(Secretario)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* WestRock Packaging Systems, LLC, a limited liability company

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☒☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 19CV004600 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/14/2019 12:00 PM
By: Jacqueline Gilbert, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.: 19CV004600<br><br>**COMPLAINT**<br><br>**CLASS ACTION:**<br><br>1.  Failure to Provide Required Meal Periods<br>2.  Failure to Provide Required Rest Periods<br>3.  Failure to Pay Overtime Wages<br>4.  Failure to Pay Minimum Wages<br>5.  Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6.  Failure to Maintain Required Records<br>7.  Failure to Furnish Accurate Itemized Wage Statements<br>8.  Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9.  Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION:**<br><br>10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK CP, LLC, a limited liability company; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.   Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in this judicial district and the County of Monterey, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Monterey, DEFENDANTS maintain offices and facilities and transact business in the County of Monterey, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Monterey.

**PLAINTIFF**

3.     PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

2   quitting employees, failure to indemnify employees for necessary expenditures and/or losses

3   incurred in discharging their duties, failure to provide accurate itemized wage statements, failure

4   to maintain required records, and interest, attorneys' fees, costs, and expenses.

5        5.     PLAINTIFF brings this action on behalf of herself and the following similarly

6   situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

7   employees of DEFENDANTS in the State of California at any time within the period

8   beginning four (4) years prior to the filing of this action and ending at the time this action

9   settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right

10   to name additional class representatives.

**DEFENDANTS**

11

12        6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

13   WESTROCK COMPANY is, and at all times relevant hereto was, authorized to conduct business

14   in the State of California, and does conduct business in the State of California. Specifically,

15   DEFENDANT WESTROCK COMPANY maintains offices and facilities and conducts business

16   in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

17   California.

18        7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

19   WESTROCK SERVICES, LLC is, and at all times relevant herein was, authorized to conduct

20   business in the State of California, and does conduct business in the State of California.

21   Specifically, upon information and belief, Defendant WESTROCK SERVICES, LLC maintains

22   offices and facilities and conducts business in, and engages in illegal payroll practices or policies

23   in, the County of Monterey, State of California.

24        8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

25   WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at all times relevant hereto was,

26   authorized to conduct business in the State of California, and does conduct business in the State

27   of California. Specifically, DEFENDANT WESTROCK CONSUMER PACKAGING GROUP,

28   LLC maintains offices and facilities and conducts business in, and engages in illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    practices or policies in, the County of Monterey, State of California.

2        9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

3    WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business

4    in the State of California, and does conduct business in the State of California. Specifically,

5    DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business

6    in, and engages in illegal payroll practices or policies in, the County of Monterey, State of

7    California.

8        10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

9    WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct

10   business in the State of California, and does conduct business in the State of California.

11   Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities

12   and conducts business in, and engages in illegal payroll practices or policies in, the County of

13   Monterey, State of California.

14       11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

15   WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in

16   the State of California, and does conduct business in the State of California. Specifically,

17   DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in,

18   and engages in illegal payroll practices or policies in, the County of Monterey, State of

19   California.

20       12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

21   WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized

22   to conduct business in the State of California, and does conduct business in the State of

23   California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains

24   offices and facilities and conducts business in, and engages in illegal payroll practices or policies

25   in, the County of Monterey, State of California.

26       13.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to

27   PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious

28   names.    PLAINTIFF is informed and believes, and thereon alleges, that each Defendant

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

14.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

15.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

16.     PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

17.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

### CLASS ACTION DESIGNATION

18.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.   Joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

### FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

### (Against all DEFENDANTS)

15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

17.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

20.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

21.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

22.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    provided.

2        23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3    MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4    earned and due, interest, penalties, expenses, and costs of suit.

5                              **THIRD CAUSE OF ACTION**

6                            **Failure to Pay Overtime Wages**

7        **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8                            **(Against all DEFENDANTS)**

9        24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10   allegations in the foregoing paragraphs.

11       25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12   2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13   all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14   hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15   first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16   excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17   on the seventh consecutive day of work in any workweek.

18       26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19   employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20   Order No. 1-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate

21   PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22   foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23   failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24   California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25   or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26   suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27   and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28   properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

27.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

33.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

34.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

35.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

36.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   compensation to the employee at the same rate for up to 30 workdays.

2       37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3   wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4   California Labor Code §§ 201 and 202.

5       38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6   statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7   together with interest thereon, as well as other available remedies.

8       39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9   PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10   according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11   entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12   to California Labor Code §§ 1194 and 2699.

13   ### SIXTH CAUSE OF ACTION

14   **Failure to Maintain Required Records**

15   **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16   **(Against all DEFENDANTS)**

17       40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18   allegations in the foregoing paragraphs.

19       41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20   and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21   DEFENDANTS knowingly and intentionally failed to maintain records as required under

22   California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23   limited to the following records: total daily hours worked by each employee; applicable rates of

24   pay; all deductions; meal periods; time records showing when each employee begins and ends

25   each work period; and accurate itemized statements.

26       42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27   PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28   trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

2  but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

3  and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

4  provided in California Labor Code § 226(e), as well as other available remedies.

### SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

9  43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10  allegations in the foregoing paragraphs.

11  44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

12  PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

13  writing showing each employee's gross wages earned, total hours worked, all deductions made,

14  net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and

15  CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

16  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

17  § 226 and IWC Wage Order No. 1-2001, § 7.

18  45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

19  to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage

20  statements in accordance with California Labor Code § 226(a).

21  46.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

22  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

23  trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and

24  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

25  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

26  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

27  California Labor Code § 226(e), as well as other available remedies.

28  ///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

### EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 21 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60. Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61. Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 1-2001;

4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6. For waiting time penalties pursuant to California Labor Code § 203;

7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

8.     For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

DATED: November 14, 2019

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:   _____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Attorneys for Plaintiff
ALICIA REYNA, individually, and on behalf of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2    PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4    DATED: November 14, 2019          Respectfully submitted,

5                                       **MATERN LAW GROUP, PC**

6                              By:

7

8                                       Matthew J. Matern
                                        Tagore O. Subramaniam
9                                       Julia Z. Wells
                                        Attorneys for Plaintiff
10                                      ALICIA REYNA, individually, and on
                                        behalf of other persons similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Julia Wells SBN: 159798; 280126; 314242<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>  TELEPHONE NO.:(310) 531-1900       FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name)*:Plaintiff Alicia Reyna | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 11/14/2019 12:00 PM<br>By: Jacqueline Gilbert, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
  STREET ADDRESS: 1200 Aguajito Rd.
  MAILING ADDRESS: 1200 Aguajito Rd.
  CITY AND ZIP CODE: Monterey, 93940
  BRANCH NAME: Monterey Courthouse

CASE NAME: Alicia Reyna v. Westrock Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CV004600 |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2019

Matthew Matern
            *(TYPE OR PRINT NAME)*                                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder® |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
            or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| **SUPERIOR COURT OF MONTEREY COUNTY** <br> **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **Alicia Reyna** <br> **vs.** <br> **WestRock Company, et al.** | **CASE NUMBER** <br> **19CV004600** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case designated COMPLEX or CLASS ACTION is assigned for all purposes to Honorable Lydia M. Villarreal Dept. 13**

This notice and Alternative Dispute Resolution (ADR) information packet (CI-127)* <u>must</u> be served together with the Summons and Complaint pursuant to California Rule of Court 3.221. *Parties are required to follow the case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court found on the court website at* www.montereycourt.ca.gov . **A joint case management statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.**

---

### Date: <u>March 17, 2020</u>      Time:<u>9:00 AM</u>

### Location: <u>1200 Aguajito Road, Monterey, CA 93940</u>

---

*The ADR information packet (CI-127) can be found at FORMS on the court's website at www.monterey.courts.ca.gov.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:
1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

1   **MATERN LAW GROUP, PC**
    Matthew J. Matern (SBN 159798)
2   Email: mmatern@maternlawgroup.com
    Tagore O. Subramaniam (SBN 280126)
3   Email: tagore@maternlawgroup.com
    Julia Z. Wells (SBN 314242)
4   Email: jwells@maternlawgroup.com
5   1230 Rosecrans Avenue, Suite 200
    Manhattan Beach, California 90266
6   Telephone: (310) 531-1900
    Facsimile: (310) 531-1901
7

8   Attorneys for Plaintiff ALICIA REYNA
    individually, and on behalf of others
9   similarly situated

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF MONTEREY**

12

13  ALICIA REYNA, individually, and on behalf     CASE NO.: 19CV004600
    of others similarly situated
14                                                [Assigned for all purposes to the Hon. Lydia
                   Plaintiff,                      M. Villarreal]
15
                   vs.                            **CLASS ACTION:**
16
    WESTROCK COMPANY, a Delaware                  **AFFIDAVIT OF PREJUDICE -**
17  corporation; WESTROCK SHARED                  **PEREMPTORY CHALLENGE TO**
    SERVICES, LLC, a limited liability company;   **JUDICIAL OFFICER**
18  WESTROCK SERVICES, LLC, a limited             **[C.C.P. § 170.6]**
    liability company; WESTROCK CONSUMER
19  PACKAGING GROUP, LLC, a limited liability
    company; WESTROCK CONVERTING, LLC,            Complaint filed:      November 14, 2019
20  a limited liability company; WESTROCK
    MWV, LLC, a limited liability company;
21  WESTROCK HOLDINGS, INC., a limited
    liability company; WESTROCK CALIFORNIA
22  LLC, a limited liability company; WESTROCK
    CP, LLC, a limited liability company;
23  WESTROCK PACKAGING SYSTEMS, LLC,
    a limited liability company; and DOES 1
24  through 100, inclusive,

25                 Defendants

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266
                              -1-        AFFIDAVIT OF PREJUDICE – PEREMPTORY
                                         CHALLENGE TO JUDICIAL OFFICER

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 11/27/2019 11:42 AM
By: Veronica Green, Deputy

TO THE HONORABLE, THE SUPERVISING JUDGE OF THE ABOVE ENTITLED COURT:

Plaintiff Alicia Reyna, in the above-entitled matter, hereby moves that this action, which has been assigned to the Honorable Lydia M. Villarreal, Judge of the above-entitled Court, be reassigned from that judge, and that no matters hereinafter arising in this cause be heard by or assigned to the Honorable Lydia M. Villarreal on the ground that said judge is prejudiced against the plaintiff, her attorney and plaintiff's interests, in this action.

AFFIDAVIT OF PREJUDICE - PEREMPTORY CHALLENGE TO JUDICIAL OFFICER

I, Tagore Subramaniam, declare as follows:

1.    That I am an attorney for plaintiff Alicia Reyna in the within action.

2.    That the Honorable Lydia M. Villarreal, the judicial officer before whom the aforesaid action is assigned, is prejudiced against plaintiff Alicia Reyna, the interest of plaintiff, and her attorneys, so that declarant and plaintiff cannot and believe that he and plaintiff cannot have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 27, 2019 at Manhattan Beach, California.

_____
Tagore O. Subramaniam
Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others
similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

AFFIDAVIT OF PREJUDICE – PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | |
|---|---|
| **Alicia Reyna,**<br><br>                    Plaintiff<br><br>**vs.**<br><br>**WestRock Company; WestRock Services, LLC;<br>WestRock Consumer Packaging Group, LLC;<br>WestRock MWV, LLC; WestRock California LLC;<br>WestRock California, Inc.; WestRock CP, LLC;<br>WestRock Packaging Systems, LLC,**<br><br>                    Defendant | Clerk:        Elise Mouisset<br><br>Date:         12/17/2019 |
|  | **Case No.        19CV004600** |
| **Out of Court Entries by Clerk** | |

Affidavit of Prejudice pursuant to 170.6 CCP against Judge Lydia M. Villareal by Plaintiff's Attorney Tagore O. Subramaniam, submitted to Judge Susan J. Matcham for reassignment.

Case is assigned to Judge Marla O. Anderson in Monterey courtroom 14.

Plaintiff's Attorney is to notice all parties accordingly.

Page 1 of 1

19CV004600