**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email:matern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
Email: tagore@maternlawgroup.com
Julia Z. Wells (SBN 314242)
Email: jwells@maternlawgroup.com
Sydney A. Adams (SBN 319991)
Email: sadams@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ALICIA REYNA
individually, and on behalf of others similarly
situated

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRCT OF CALIFORNIA

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company; WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability company; WESTROCK MWV, LLC, a limited liability company; WESTROCK CALIFORNIA LLC, a limited liability company; WESTROCK CP, LLC, a limited liability company, formerly known as WESTROCK CALIFORNIA, INC.; WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants | CASE NO.: 5:20-cv-01666-BLF<br><br>Hon. Beth Labson Freeman<br>COURTROOM 3, Floor 5<br><br>**FIRST AMENDED COMPLAINT CLASS ACTION:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Wage Statements<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION:**<br><br>10. Penalties under the Labor Code Private Attorneys General Act, as |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    PLAINTIFF ALICIA REYNA ("PLAINTIFF"), an individual, demanding a
2    jury trial, on behalf of herself and other persons similarly situated, hereby alleges as
3    follows:

4                          **INTRODUCTION**

5    1.    PLAINTIFF, on behalf of herself and other similarly situated current
6    and former non-exempt employees of Defendants WESTROCK COMPANY, a
7    corporation; WESTROCK SERVICES, LLC, a limited liability company;
8    WESTROCK CONSUMER PACKAGING GROUP, LLC, a limited liability
9    company; WESTROCK MWV, LLC, a limited liability company; WESTROCK
10   CALIFORNIA LLC, a limited liability company, formerly known as WESTROCK
11   CALIFORNA, INC.; WESTROCK CP, LLC, a limited liability company;
12   WESTROCK PACKAGING SYSTEMS, LLC, a limited liability company and
13   DOES 1 through 100, inclusive (collectively hereinafter, "DEFENDANTS"),  in
14   the State of California at any time during the four years preceding the filing of this
15   action, and continuing while this action is pending, brings this action to recover,
16   among other things, wages and penalties from unpaid wages earned and due,
17   including but not limited to unpaid minimum wages, unpaid and illegally calculated
18   overtime compensation, illegal meal and rest period policies, failure to pay all
19   wages due to discharged and quitting employees, failure to indemnify employees
20   for necessary expenditures and/or losses incurred in discharging their duties, failure
21   to provide accurate itemized wage statements, failure to maintain required records,
22   and interest, attorneys' fees, costs, and expenses.

23                      **JURISDICTION AND VENUE**

24   2.    Plaintiff filed this action in the Superior Court of the State of
25   California because PLAINTIFF is a resident of the State of California, and
26   DEFENDANTS are qualified to do business in California and regularly conduct
27   business in California. Furthermore, no federal question is at issue because the

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  claims are based solely on California law. DEFENDANTS removed this action to
2  the United States District Court for the Central District of California alleging
3  subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §
4  1332(d) ("CAFA").

**THE PARTIES**

5

6  3.    PLAINTIFF is a female resident of the State of California. Plaintiff is
7  employed by Defendants as a non-exempt employee in Salinas, California from
8  approximately February 11, 2019 to present.

9  4.    PLAINTIFF is informed and believes, and thereon alleges, that
10 DEFENDANT WESTROCK COMPANY is, and at all times relevant hereto was,
11 authorized to conduct business in the State of California, and does conduct business
12 in the State of California. Specifically, DEFENDANT WESTROCK COMPANY
13 maintains offices and facilities and conducts business in, and engages in illegal
14 payroll practices or policies in, the County of Monterey, State of California.

15 5.    PLAINTIFF is informed and believes, and thereon alleges, that
16 DEFENDANT WESTROCK SERVICES, LLC is, and at all times relevant herein
17 was, authorized to conduct business in the State of California, and does conduct
18 business in the State of California.  Specifically, upon information and belief,
19 Defendant WESTROCK SERVICES, LLC maintains offices and facilities and
20 conducts business in, and engages in illegal payroll practices or policies in, the
21 County of Monterey, State of California.

22 6.    PLAINTIFF is informed and believes, and thereon alleges, that
23 DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC is, and at
24 all times relevant hereto was, authorized to conduct business in the State of
25 California, and does conduct business in the State of California. Specifically,
26 DEFENDANT WESTROCK CONSUMER PACKAGING GROUP, LLC maintains
27 offices and facilities and conducts business in, and engages in illegal payroll
28 practices or policies in, the County of Monterey, State of California.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

7.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK MWV, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK MWV, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

8.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CALIFORNIA, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CALIFORNIA, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK CP, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK CP, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC is, and at all times relevant hereto was, authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Monterey, State of California.

11.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

12.    PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

13.    PLAINTIFF's allegations of the DEFENDANTS' relationship as joint employers is born out in the PLAINTIFF's employment records.  Specifically, at PLAINTIFF's time of hire PLAINTIFF was required to sign multiple documents that show the DEFENDANTS' interrelation and representation as being PLAINTIFF's employers, including:

      a.  All policy documents signed by PLAINTIFF refer to the employer as "WestRock."

      b.  The Company's "Legal" website page states the WestRock Group is "comprised of the WestRock Company of 1000 Abernathy Road NE, Atlanta, GA 30328, USA, and all of its subsidiaries."

14.    PLAINTIFF's paystubs indicate his employer is DEFENDANT WestRock Services, LLC, located at 1000 Abernathy Road NE, Atlanta, GA 30328. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS WESTROCK CONSUMER PACKAGING GROUP, LLC and WESTROCK CALIFORNIA, LLC's business addresses listed in the California Secretary of State

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

filings during the relevant time periods are 1000 Abernathy Road NE, Atlanta, GA 30328.

15.    PLAINTIFF is informed and believes, and thereon alleges, that California Secretary of State filings list the same entity address of 1000 Abernathy Road NE Suite 125, Atlanta, GA 30328 for DEFENDANTS WESTROCK MWV, LLC; WESTROCK CP, LLC; WESTROCK CALIFORNIA, LLC; WESTROCK PACKAGING SYSTEMS, LLC during the relevant time periods.

16.    PLAINTIFF is informed and believes, and thereon alleges, that California Secretary of State filings list the same California office address of 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 for DEFENDANTS WESTROCK SERVICES, LLC and WESTROCK CALIFORNIA, LLC.

17.    PLAINTIFF is informed and believes, and thereon alleges, that the same individual, Steven C. Voorhees, serves or has served as the Chief Executive Officer of DEFENDANTS WESTROCK SERVICES, LLC; WESTROCK CONSUMER PACKAGING GROUP, LLC; WESTROCK MWV, LLC; WESTROCK CALIFORNIA, LLC; WESTROCK CP, LLC; and  WESTROCK PACKAGING SYSTEMS, LLC.

18.    PLAINTIFF is informed and believes, and thereon alleges, that the same individual, Kevin A. Maxwell, acts or has acted as the Assistant Secretary and was the signatory on California Secretary of State filings for DEFENDANTS WESTROCK SERVICES, LLC; WESTROCK CONSUMER PACKAGING GROUP, LLC; WESTROCK CALIFORNIA, LLC; WESTROCK CP, LLC; and WESTROCK PACKAGING SYSTEMS, LLC. PLAINTIFF is informed and believes, and thereon alleges, that the same individual, Kevin A. Maxwell, is also listed as a member of DEFENDANT WESTROCK PACKAGING SYSTEMS, LLC in California Secretary of State filings.

19.    PLAINTIFF is informed and believes, and thereon alleges, that the same individual, Robert B. McIntosh, acts or has acted as the Secretary and/or was

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

the signatory on California Secretary of State filings for DEFENDANTS WESTROCK CONSUMER PACKAGING GROUP, LLC; WESTROCK MWV, LLC; WESTROCK CALIFORNIA, LLC; WESTROCK CP, LLC; and WESTROCK PACKAGING SYSTEMS, LLC.

20.    PLAINTIFF is informed and believes, and thereon alleges, that type of business listed on California Secretary of state filings during the relevant time period is the same or similar for WESTROCK CONSUMER PACKAGING GROUP, LLC; WESTROCK MWV, LLC; WESTROCK CALIFORNIA, LLC; WESTROCK CP, LLC; and  WESTROCK PACKAGING SYSTEMS, LLC.

21.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

22.    PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

23.    As a direct and proximate result of the unlawful actions of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

24.    PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

25.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, including but not limited to: failing to provide PLAINTIFF and CLASS MEMBERS meal periods; failing to authorize and permit rest periods; failing to pay PLAINTIFF and CLASS MEMBERS one hour of pay at each employee's regular rate of compensation for all meal breaks which were not provided and all rest breaks which were not authorized and permitted; failing to pay PLAINTIFF and CLASS MEMBERS minimum and overtime wages for all hours worked; failing to provide accurate itemized statements for each pay period; failing to properly maintain records; and failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures incurred in the discharge of their duties, in violation of the California Labor Code and the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practice arising from such violations. These illegal practices and policies were applied to all non-exempt employees in violation of the Labor Code, the applicable

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.      The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.      PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

e.      Common questions of law and fact predominate over any questions affecting individual CLASS MEMBERS, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]

### (Against all DEFENDANTS)

15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full, uninterrupted, and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Order No. 1-2001, § 11.

17.    During the CLASS PERIOD, DEFENDANTS have maintained a common policy that non-exempt employees may take meal breaks only at a designated time.  Employees may not take a break without permission from a manager or supervisor outside of that designated time.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

18.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS were regularly scheduled to take their meal breaks after the end of the fifth hour of work. Specifically, PLAINTIFF and CLASS MEMBERS would be required to relieve members of their team for meal breaks which often resulted in late meal breaks more than 5 or 6 hours after their scheduled start time. PLAINTIFF is informed and believes, and thereon alleges, that the machines ran consistently 24 hours a day and were not shut off for meal breaks which resulted in PLAINTIFF and CLASS MEMBERS taking late meal breaks after the fifth hour of work.

19.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT failed to maintain adequate staffing levels which resulted in CLASS MEMBERS clocking in and out for meal breaks after the fifth hour of work. As a result, PLAINTIFF and other CLASS MEMBERS meal breaks were short, late interrupted, or not provided including not receiving a second meal break after the 10th hour.

20.    PLAINTIFF is informed and believes, and thereon alleges, PLAINTIFF and CLASS MEMBERS

21.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 1-2001, § 11.

22.    DEFENDANTS violated, and continue to violate, California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

23.    DEFENDANTS violated, and continue to violate, California Labor

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Code §§ 226.7, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal period.

24.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 1-2001. PLAINTIFF and CLASS MEMBERS are also entitled to seek attorneys' fees under California Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

25.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

26.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

27.    During the CLASS PERIOD, DEFENDANTS have maintained a common policy that non-exempt employees may take rest breaks only at sufficient staffing levels with permission from a manager or supervisor at a designated time. PLAINTIFF and other CLASS MEMBERS were required to work continuously for multiple hours without being relieved by other employees for rest periods. PLAINTIFF and CLASS MEMBERS occasionally would be required to return

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

early from a break as a result of too many employees being released for a break at the same time.  As a result, PLAINTIFF and CLASS MEMBERS were not authorized to take complete and uninterrupted rest breaks.

28.  PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF AND CLASS MEMBERS took rest breaks were short because of the walking time to the break area. Additionally, PLAINTIFF and CLASS MEMBERS did not receive a third rest break on shifts over 10 hours.

29.  DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

30.  As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 1-2001. PLAINTIFF and CLASS MEMBERS are also entitled to seek attorneys' fees under California Code of Civil Procedure section 1021.5.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]

### (Against all DEFENDANTS)

31.  PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

32.  Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

33.   PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001.

34.   During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; failing to pay for walking time on meal breaks; failure to pay overtime at regular rate and other methods to be discovered.

35.   DEFENDANTs routinely failed to calculate overtime compensation accurately. PLAINTIFF's wage statements over different pay periods show mistakes in PLAINITFF's overtime rate, including but not limited to overtime rates that are less than 1.5 times the PLAINITFF's regular rate of pay for calculating overtime compensation, including but not limited to failing to factor in shift differentials, bonuses, and/or other forms of compensation in PLAINTIFF's and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CLASS MEMBERS' regular rate of pay.

36.    PLAINTIFF and CLASS MEMBERS received other forms of remuneration including, but not limited to shift differential payments, "meal ticket" payments, and "safety meeting" payments which DEFENDANTS failed to incorporate in calculating PLAINTIFF and CLASS MEMBERS' regular rate of pay for overtime and double time compensation.

37.    DEFENDANTS were required to pay PLAINTIFF and CLASS MEMBERS overtime pay for all hours worked in excess of eight hours per day and/or 40 hours per week but failed to pay PLAINTIFF and CLASS MEMBERS overtime wages for all those hours.

38.    DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked overtime for hours which they were not compensated.

39.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

40.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

41.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

42.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

43.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to pay for walking to meal breaks; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

44.     DEFENDANTS required PLAINTIFF and CLASS MEMBERS to finish work in progress while clocked-out for their meal breaks. More so, PLAINTIFF and CLASS MEMBERS would clock in and out for meal breaks prior to the fifth hour without actually taking the break until after the fifth hour, because DEFENDANTS did not want to pay meal break premiums. PLAINTIFF and CLASS MEMBERS were not compensated for this time.

45.     DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

46.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-2001, § 4.  As a proximate result

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

47.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged and quitting employees.

49.    California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

50.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

51.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

52.    During the CLASS PERIOD, DEFENDANTS have failed to pay accrued wages and other compensation due immediately to CLASS MEMBERS who were discharged.  Additionally, during the CLASS PERIOD, on information and belief, DEFENDANTS have failed to pay accrued wages and other compensation due within 72 hours to all CLASS MEMBERS who ended their employment with DEFENDANTS.

53.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

54.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

55.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

**SIXTH CAUSE OF ACTION**

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

56.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

57.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

58.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

59.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]

### (Against all DEFENDANTS)

60.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

61.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-19-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

62.    PLAINTIFF and CLASS MEMBERS wage statements do not accurately reflect the total hours worked or rates in effect. Specifically, the total hours worked for some pay periods does not accurately coincide with the hours on the time records.

63.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

64.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

65.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

66.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-20-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

67.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for tools, steel toed boots, uniform-related expenses, usage of personal cell phones, and other employment-related expenses, in violation of California Labor Code § 2802.

68.    DEFENDANTS required PLAINTIFF and CLASS MEMBERS to wear gloves, goggles, steel-toe boots, protective head gear, and ear buds. DEFENDANTS did not provide PLAINTIFF and CLASS MEMBERS required steel-toe work boots. As a result, PLAINTIFF and CLASS MEMBERS were required to purchase steel-toe work boots to work. DEFENDANTS did not reimburse PLAINTIFF and CLASS MEMBERS for the cost of these business-related expenses.

69.    PLAINTIFF is informed and believes, and thereon alleges, that during the CLASS PERIOD, other CLASS MEMBERS were required to buy tools to perform their job duties and were not reimbursed for these costs.

70.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-21-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

71.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

72.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

73.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

74.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

75.    As a result of DEFENDANTS' unfair and unlawful business practices,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-22-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

76.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.    PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

77.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 25 and the subparagraphs thereto.

78.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and other aggrieved employees were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and other aggrieved employees.

79.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBERS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-23-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

80.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on August 29, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

81.    Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-24-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

Code § 226.7 and IWC Wage Order No. 1-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-25-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

DATED: March 28, 2020

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:    */s/ Tagore O. Subramaniam*
_____

Matthew J. Matern
Tagore O. Subramaniam
Julia Z. Wells
Sydney A. Adams
Attorneys for Plaintiff
ALICIA REYNA, individually, and on
behalf of other persons similarly
situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-26-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3   right by jury.

4

5   DATED: March 28, 2020            Respectfully submitted,

6                                    **MATERN LAW GROUP, PC**

7                          By:

8                                    */s/ Tagore O. Subramaniam*

9                                    Matthew J. Matern
                                     Tagore O. Subramaniam
10                                   Julia Z. Wells
                                     Sydney A. Adams
11                                   Attorneys for Plaintiff
                                     ALICIA REYNA, individually, and on
12                                   behalf of other persons similarly
                                     situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-27-

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT