**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
matern@maternlawgroup.com
Julia Z. Wells (SBN 314242)
jwells@maternlawgroup.com
Sean P. Hardy (312987)
shardy@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for PLAINTIFF ALICIA REYNA
individually, and on behalf of others similarly situated

[*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company,<br><br>Defendants. | Lead Case No. 20-cv-01666-BLF<br><br>Consolidated with Case No. 3:20-cv-06162-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF STIPULATION OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>**Date: August 10, 2023**<br>**Time: 9:00 a.m.**<br>**Ctrm: 3** |
| HUMBERTO CASTREJON, JR., on behalf of himself and other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK SERVICES, LLC, a Georgia Limited Liability Company and DOES 1 through 10, inclusive,<br><br>Defendants. | *Reyna* Complaint: November 14, 2019<br>*Castrejon* Complaint: May 20, 2020<br>Consolidated Fourth Amended Complaint: August 25, 2022<br>Trial Date: Vacated |

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
  msinger@ckslaw.com
Diana M. Khoury (SBN 128643)
  dkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, II (SBN 146621)
  sahagii@aol.com
18250 Ventura Blvd.
Tarzana, California 91356
Telephone: (818) 609-0807/Facsímile: (818) 609-0892

Attorneys for Plaintiff Humberto Castrejon, Jr., on
behalf of himself and other similarly-situated employees

Plaintiffs Alicia Reyna and Humberto Castrejon's ("Plaintiffs") Motion for Preliminary Approval Of Stipulation Of Class, Collective, and Representative Action Settlement ("the Motion") came on for hearing on August 10, 2023, before this Court.

Having reviewed the Motion, the Declaration of Matthew J. Matern and exhibits attached thereto, including the Stipulation of Class Action Settlement ("Stipulation" or "Settlement") and the Declarations Michael D. Singer, Sahag Majarian II, Alicia Reyna and Humberto Castrejon, Jr., and Florence Speakman, and good cause appearing therefore, the Court hereby finds and orders as follows:

1. The Court grants preliminary approval of the Settlement based upon the terms set forth in the Stipulation, which is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Class Members. The Settlement also appears to advance the public policy and goals underlying the Labor Code Private Attorneys General Act of 2004, Cal. Labor Code § 2698 et seq., ("PAGA").

2. All capitalized terms defined in the Settlement shall have the same meaning when used in this Order.

3. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.

4. The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. Defendants have agreed to pay a total Maximum Settlement Amount of $5,500,000.00 to cover (a) settlement payments to Class Members who do not validly opt out; (b) settlement payments to Class Members who opt into the release of any claims under the Fair Labor Standards Act; (c) Individual PAGA Settlement Payments to eligible PAGA Members; (d)

a payment of $187,500.00 to the State of California, Labor & Workforce Development Agency for its share of the settlement of claims for penalties under the Private Attorneys General Act; (e) Class Representative service payments of up to $10,000.00 each to Plaintiffs Alicia Reyna and Humberto Castrejon, Jr.; (f) Class Counsel's attorneys' fees, not to exceed one-third (1/3) percent of the Maximum Settlement Amount, and actual litigation expenses incurred by Class Counsel not to exceed $25,000.00; and (g) Settlement Administration Costs of up to $30,000.00. The Maximum Settlement Amount does not include the Employers' Share of Payroll Taxes, which shall be paid in addition to Maximum Settlement Amount.

5. The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with the strengths and weaknesses. The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive. The Court further finds that the Settlement of Plaintiffs' representative claims under PAGA, and their class collective claims are fair and reasonable and are approved. The Court preliminarily finds that the settlement amount falls with the range that is fair and reasonable, that the Settlement has no obvious deficiencies, and does not improperly grant preferential treatment to the class representative or segment of the class.

6. In accordance with the Settlement, the Court hereby provisionally certifies the following class for purposes of settlement: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from November 14, 2015 through September 8, 2021 ("Class" or "Class Members"). In accordance with the Settlement, and for settlement purposes only, the Court hereby finds that the FLSA Class Members are as follows: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from

November 14, 2016 through September 8, 2021 ("FLSA Class Members").  The Court finds that the settlement of Plaintiffs' collective claims under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* is fair and reasonable and is approved.

7. The Court hereby finds and concludes for settlement purposes only that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

8. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following specific findings with respect to settlement only:

    a. The Class, which has approximately 2,100 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

    b. There are many factual and legal issues that are common to the Class regarding the policies and practices that applied to Class Members' employment with Defendants, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

    c. Plaintiffs' claims meet the typicality requirement because they worked as non-exempt employees of Defendants in the State of California and their claims arise from the same alleged events and course of conduct as those alleged on behalf of the Class, thereby satisfying Fed. R. Civ. P. 23(a)(3).

    d. The Court finds that Matern Law Group, PC (including Matthew J. Matern), Cohelan Khoury & Singer (including Michael D. Singer and Diana M. Khoury) and the Law Offices of Sahag Majarian II (including

Sahag Majarian, II) will fairly and adequately represent the Class, and appoints them as Class Counsel.

  e. The Court finds that Plaintiffs Alicia Reyna and Humberto Castrejon will fairly and adequately represent the Class, and appoints them as Class Representatives.

  f. The Court finds that for purposes of settlement only, common questions of law and fact predominate over individualized issues because the claims arise from Defendants' policies and widespread practices, and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

10. The Court approves ILYM Group, Inc. ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Stipulation.

11. The Court approves, as to form and content, the proposed Notice of Proposed Class Action Settlement, the Information Sheet, the Exclusion Form, and the FLSA Settlement Payment Opt-In Form attached as Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4 to the Stipulation, respectively (collectively, the "Notice Packets"). The Court finds that the proposed Notice Packets comport with Fed. R. Civ. P. 23 29 U.S.C. § 201, *et seq.*, and all Constitutional requirements including those of due process.

12. The Court further finds that the Notice Packets adequately advise the Class about the class action; the terms of the proposed Settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object to or opt out of the Settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed Settlement; and the date of the Final Approval hearing as well as the

rights of Class Members to attend said hearing. The Court further finds that the mailing of the Notice Packet to each Class Member's last known address, as specifically described in the Settlement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed Settlement.

13. Within twenty-one (21) days of the issuance of this Order, Defendants shall provide the Settlement Administrator with the Class Data and Information, as specified in the Stipulation.

14. Within fourteen (14) days after receipt of the Class Data and Information, the Settlement Administrator shall mail the Notice Packets in the manner specified in the Stipulation.

15. The Court orders that any Class Member who wishes to be excluded from the Settlement must submit an Exclusion Form, as specified in the Stipulation, no later than sixty (60) days after the Notice Packet is initially mailed to Class Members ("Response Deadline"), and must be received by the Settlement Administrator to be valid.

16. Any Class Member who does not timely and validly request exclusion from the settlement may submit a Notice of Objection to the Stipulation. The Notice of Objection must (1) contain the Class Member's full name, (2) contain the Class Member's signature or the signature of the Class Member's legal representative, (3) state the grounds for the objection, and (4) be mailed to the Settlement Administrator at the specified address. Class Members who fail to timely object in the manner specified herein shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

17. The Final Approval Hearing shall be held before this Court on January 18, 2024 at 9:00 a.m. in Courtroom 3, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class

Counsel for an award of reasonable attorneys' fees and costs and the Class Representative service payment.

18. This Order is not a finding of liability, culpability, negligence, or wrongdoing on the part of the Defendants.

19. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Stipulation are stayed.

20. The Parties are ordered to carry out the Settlement according to the terms of the Stipulation.

21. The Court orders the following implementation schedule, provided, however, that the Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members:

| Event | Date |
|---|---|
| Deadline for Defendants to Provide Class Member Data and Information to Settlement Administrator | August 31, 2023<br><br>21 calendar days of entry of the Preliminary Approval Order. |
| Deadline for Settlement Administration to mail Notice Packets to Class Members | September 14, 2023<br><br>14 calendar days after receipt of Class Member Data and Information from Defendants. |
| Response Deadline | November 13, 2023<br><br>60 calendar days after the Notice Packets are mailed. |
| Extended Response Deadline for Remailed Notice Packets | November 23, 2023<br><br>10 calendar days after Response Deadline. |
| Last day to file and serve the Motion for Final Approval of Class Action Settlement | December 14, 2023<br><br>35 days before Final Approval Hearing [Civ. Local Rule 7-2] |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT

| Final Approval Hearing | January 18, 2024 at 9:00 a.m. in Department 3. |

IT IS SO ORDERED.

Dated: August 11, 2023

*[signature]*
The Honorable Beth Labson Freeman
United States District Court

- 9 -
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT