# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated<br><br>　　　　Plaintiff,<br>　　v.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company,<br><br>　　　　Defendants. | Lead Case No. 20-cv-01666-BLF<br><br>Consolidated with Case No. 3:20-cv-06162-BLF<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Date:　April 24, 2024<br>Time:　9:00 a.m.<br>Ctrm:　3<br><br>*Reyna* Complaint: November 14, 2019<br>*Castrejon* Complaint: May 20, 2020<br>Consolidated Fourth Amended Complaint: August 25, 2022<br>Trial Date: Vacated |
| HUMBERTO CASTREJON, JR., on behalf of himself and other similarly situated employees,<br><br>　　　　Plaintiff,<br>　　v.<br><br>WESTROCK SERVICES, LLC, a Georgia Limited Liability Company and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | |

**[PROPOSED] ORDER**

Plaintiffs Alicia Reyna and Humberto Castrejon's ("Plaintiffs") Motion for Preliminary Approval Of Stipulation Of Class, Collective, and Representative Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees and Costs and Class Representative Service Awards ("Motion for Fees") came before the Court for hearing on April, 2024. Due and adequate notice having been given to Class Members as required by the Court's August 11, 2023 Order Granting Preliminary Approval (Dkt. No. 120), and the Court having considered all papers filed and proceedings herein, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the requirements of Rule 23 have been satisfied for settlement purposes only.

2. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation of Class Action Settlement ("Stipulation") filed in this Action.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Class.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt-out of or request exclusion from the settlement are bound by this Order.

6. The Court hereby finds that there have been 0 objections to the Stipulation. The Court also finds that there were 0 objections at the hearing on Final Approval.

7. The Court hereby finds that the following 10 Class Member validly requested to be excluded from the Agreement and is not bound by this Order: Alric Kaczor, Daniel F. Boggero, J Manuel Martinez Ramirez, Jacinto Mancilla, James Anderson, John Allen Fuentes, John Gonzalo Zamora, Juan M Gonzalez, Maria Isabel Puentes Rodriguez and Yang Cha . Accordingly, 2,023 Participating Class Members are bound by this Order.

8. The Court hereby finds that 340 FLSA Class Members submitted valid Opt-In Forms.

9. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

10. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

11. Accordingly, the Court hereby approves the settlement as set forth in the Stipulation and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Stipulation. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the

1  monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

12. The Stipulation is not an admission by Defendants or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendants or any of the other released parties.

13. Final approval shall be with respect to the following Class: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from November 14, 2015 through September 8, 2021 ("Class" or "Class Members").

14. In accordance with the Settlement, the Court further grants final approval as to the following FLSA Class: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from November 14, 2016 through September 8, 2021 who submitted an FLSA Payment Opt-In Form ("FLSA Class" or "FLSA Class Members").

15. In accordance with the Settlement, the Court further grants final approval as to the following PAGA Members: All Class Members who are currently or have been employed by Defendants in the State of California at any time during the period from September 10, 2018 through September 8, 2021 ("PAGA Members").

16. Plaintiffs Alicia Reyna and Humberto Castrejon, Jr. (collectively, "Plaintiffs") are suitable representatives and are hereby appointed the representatives for the Class. The Court finds that Plaintiffs' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Class, and that Plaintiffs' interests are aligned with those of the Class.

17. The Court finds that the attorneys at Matern Law Group, PC, Cohelan Khoury & Singer, and Law Office of Sahag Majarian II have the requisite qualifications, experience, and skill to protect and advance the interests of the Class. The Court therefore finds that this law firms satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints them counsel for the Settlement Class.

18. The Court approves settlement administration costs and expenses to be paid from the Gross Settlement Amount in the amount of $22,000.00 to ILYM Group, Inc.

19. The Court finds that the Stipulation's payment of $187,500.00 to the California Labor Workforce Development Agency ("LWDA") is appropriate and orders such payment to the LWDA to be paid from the Gross Settlement Amount.

20. Defendants shall pay Class Members, FLSA Class Members, and PAGA Members pursuant to the procedures described in the Stipulation.

21. Defendants shall separately pay their share of payroll taxes in addition to the Gross Settlement Amount.

22. All Class Members, FLSA Class Members, and PAGA Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Class wishing to be heard have been heard. Members of the Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Stipulation and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out of the settlement, FLSA Class Members, and PAGA Members. These Class Members, FLSA Class Members, and PAGA Members have released and forever discharged the Defendants for any and all applicable Released Claims.

23. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of enforcing the terms of the Order entered herein and any Judgment entered.

24. The Parties are to provide a Post-Distribution Accounting by December 15, 2024. A non-appearance case review hearing regarding submission of the final report is set for

December 19, 2024.

25. The Court directs that a judgment shall be entered in accordance with the terms of this Order.

26. The Settlement Administrator shall post a copy of this Order on its website within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:   May 2, 2024

_____
The Honorable Beth Labson Freeman
United States District Court