# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ALICIA REYNA, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK COMPANY, a corporation; WESTROCK SERVICES, LLC, a limited liability company,<br><br>Defendants.<br><br>HUMBERTO CASTREJON, JR., on behalf of himself and other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>WESTROCK SERVICES, LLC, a Georgia Limited Liability Company and DOES 1 through 10, inclusive,<br><br>Defendants. | Lead Case No. 20-cv-01666-BLF<br>Consolidated with Case No. 3:20-cv-06162-BLF<br>**[**~~PROPOSED~~**] FINAL JUDGMENT**<br>Date:  April 24, 2024<br>Time:  9:00 a.m.<br>Ctrm:  3<br>*Reyna* Complaint: November 14, 2019<br>*Castrejon* Complaint: May 20, 2020<br>Consolidated Fourth Amended Complaint: August 25, 2022<br>Trial Date: Vacated |

## [PROPOSED] FINAL JUDGMENT

Plaintiffs Alicia Reyna and Humberto Castrejon's ("Plaintiffs") Motion for Preliminary Approval Of Stipulation Of Class, Collective, and Representative Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees and Costs and Class Representative Service Awards ("Motion for Fees") came before the Court for hearing on April 24, 2024. Due and adequate notice having been given to Class Members as required by the Court's August 11, 2023 Order Granting Preliminary Approval (Dkt. No. 120), and the Court having considered all papers filed and proceedings herein, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, hereby **ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1. The Court, for purposes of this Judgment, adopts all defined terms as set forth in the Stipulation of Class Action Settlement ("Stipulation") filed in this Action.

2. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Class.

3. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

4. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt-out of or request exclusion from the settlement are bound by this Order.

5. The Court hereby finds that there have been 0 objections to the Stipulation. The Court also finds that there were 0 objections at the hearing on Final Approval.

6. The Court hereby finds that the following 10 Class Members validly requested to

be excluded from the Agreement and is not bound by this Judgment: Alric Kaczor, Daniel F. Boggero, J Manuel Martinez Ramirez, Jacinto Mancilla, James Anderson, John Allen Fuentes, John Gonzalo Zamora, Juan M Gonzalez, Maria Isabel Puentes Rodriguez and Yang Cha. Accordingly, 2,023 Participating Class Members are bound by this Judgment.

7. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

8. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

9. Accordingly, the Court hereby approves the settlement as set forth in the Stipulation and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Stipulation. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

10. The settlement is approved with respect to the following Class: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from November 14, 2015 through September 8, 2021

("Class" or "Class Members").

11. In accordance with the Settlement, the Court further grants final approval as to the following FLSA Class: All hourly, non-exempt employees who are currently or have been employed by Defendants in the State of California at any time during the period from November 14, 2016 through September 8, 2021 who submitted an FLSA Payment Opt-In Form ("FLSA Class" or "FLSA Class Members").

12. In accordance with the Settlement, the Court further grants final approval as to the following PAGA Members: All Class Members who are currently or have been employed by Defendants in the State of California at any time during the period from September 10, 2018 through September 8, 2021 ("PAGA Members").

13. Plaintiffs Alicia Reyna and Humberto Castrejon, Jr. (collectively, "Plaintiffs") are suitable representatives and are hereby appointed the representatives for the Class. The Court finds that Plaintiffs' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Class, and that Plaintiffs' interests are aligned with those of the Class.

14. The Court hereby awards Class Representative Service Awards in the amount of $5,000.00 each to Plaintiff for their service as class representatives, to be paid from the Gross Settlement Amount.

15. The Court finds that the attorneys a Matern Law Group, PC, Cohelan Khoury & Singer, and Law Office of Sahag Majarian II have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that this law firm satisfies the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints them counsel for the Settlement Class.

16. The Court finds that Class Counsel's request for attorneys' fees in the amount of $1,540,000.00, which is twenty-eight percent of the Gross Settlement Amount, is reasonable as a percentage of the common fund with a lodestar cross-check.  The Court finds that the number of hours Class Counsel spent prosecuting this Action is reasonable and Class Counsel's hourly rates are reasonable and in line with rates prevailing in the community.  The Court awards Class

Counsel $1,540,000.00 in attorneys' fees to be paid from the Gross Settlement Amount.

17. The Court finds that Class Counsel has incurred $23,540.60 in costs and expenses. Such costs and expenses were reasonably incurred in prosecuting this Action on behalf of the Class, PAGA Members, and State of California. Pursuant to the Stipulation, the Court awards Class Counsel $23,540.60 in costs and expenses, to be paid from the Maximum Settlement Amount.

18. The Court approves settlement administration costs and expenses to be paid from the Gross Settlement Amount in the amount of $22,000.00 to ILYM Group, Inc.

19. The Court finds that the Stipulation's payment of $187,500.00 to the California Labor Workforce Development Agency ("LWDA") is appropriate and awards such payment to the LWDA to be paid from the Gross Settlement Amount.

20. Defendant shall pay Class Members, FLSA Class Members, and PAGA Members pursuant to the procedures described in the Stipulation.

21. Defendants shall separately pay their share of payroll taxes in addition to the Gross Settlement Amount.

22. All Class Members, FLSA Class Members, and PAGA Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Stipulation and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out of the settlement, PAGA Members, and FLSA Class Members. These Class Members, FLSA Class Members, and PAGA Members have released and forever discharged the Defendants for any and all applicable Released Claims.

23. Without affecting the finality of this Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, FLSA Class Members, and PAGA Members for purposes of enforcing the terms of the Judgment entered herein.

24. The Court hereby enters judgment for Plaintiffs, Class Members, FLSA Class

Members, and PAGA Members in accordance with the terms of the Stipulation.

25. This Judgment is intended to be a final disposition of the Action and is intended to be immediately appealable.

26. The Court directs that a judgment shall be entered in accordance with the terms of this Judgment.

27. The Settlement Administrator shall post a copy of this Judgment on its website within seven (7) days of the date of this Judgment.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated:  May 2, 2024

_____
The Honorable Beth Labson Freeman
United States District Court